```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**BETTY L. THORNTON**                                              **PLAINTIFF**

VS.                              CIVIL ACTION NO. 3:06-cv-118-WHB-LRA

**FORD MOTOR COMPANY**                                             **DEFENDANT**

## OPINION AND ORDER

This cause is before the Court on two Motions filed by the parties. The first is the Motion of Defendant Ford Motor Company for Summary Judgment. The second is the Motion of Plaintiff for Protective Order. The Court has considered the Motions, Responses, Rebuttals, attachments to each, as well as supporting and opposing authorities and finds that the Motion of Defendant for Summary Judgment is not well taken and should be denied, and that the Motion of Plaintiff for Protective Order should be denied as moot.

### I.  Factual Background and Procedural History

This lawsuit arises from a one-car motor vehicle collision that occurred on November 24, 2001, in Hinds County, Mississippi. Plaintiff alleges that while driving an Explorer Sport Trac ("Explorer") manufactured by Defendant Ford Motor Company ("Ford"), the hood of the vehicle "suddenly and without warning flew up, blinding Plaintiff and causing her to lose control [of the vehicle]

and to strike bridge abutments" along Interstate 20.  Amended Compl. at ¶ 11.  These allegations are supported by Plaintiff's deposition testimony and her verified interrogatory responses.  See Mot. for Summ. J., Ex. C (Thornton Dep.) at 101; id, Ex. H (Interrogatory Responses), at No. 23.[1]  The only witness to the accident, Plaintiff's passenger Sam Porter ("Porter"), did not know whether the hood of the subject Explorer was up or down during the accident, but testified that, to the best of his knowledge, he could see through the windshield.  Id., Ex. E. (Porter Dep.), at 56.  Porter also testified that the hood was off of the vehicle when it finally stopped.  Id., Ex. E. (Porter Dep.), at 56.

Prior to the accident, Ford had issued a recall on the hood latch of certain motor vehicles, including the subject Explorer. Plaintiff, upon receiving the recall notice, took her vehicle to Capitol Ford of Goldsboro, Inc. ("Capitol Ford"), a Ford dealership, where the hood latch striker and striker assembly were replaced.  The Court was not presented any evidence as to whether Plaintiff experienced problems with the hood of the Explorer before the recall-related repairs were made.  Plaintiff, however, testified that after these were made, she experienced problems with

---

[1] Plaintiff was "unable to give any information about the accident or what happened before or after" to the officer who responded to the scene.  See Mot. for Summ. J., Ex. B (Accident Report).  Likewise, Plaintiff told the staff at the emergency room to which she was taken, that she could not remember the events of the accident.  Id., Ex. F (Medical Records).

the hood of the Explore, specifically the hood would disengage while the vehicle was in operation thus requiring her to pull over to the side of the road and re-secure the hood.  Id., Ex. C. (Thornton Dep.), at 70-73.  Plaintiff allegedly complained of this problem to employees of Capitol Ford.  Plaintiff also alleges that she took the Explorer to Classic Ford Lincoln/Mercury, Inc. ("Classic Ford"), another Ford dealership, for additional repairs to the hood latch striker, striker assembly, as well as for routine maintenance.   Records from Capitol Ford and Classic Ford (Collectively "Dealerships") apparently do not show that any additional service work was either requested or performed on the hood latch striker or striker assembly.  Additionally, Porter testified that Plaintiff never told him that she was having problems with the hood of the subject Explorer.  Id., Ex. E. (Porter Dep.), at 19-20, 22.

After the accident, the Explorer was towed to Clinton Body Shop in Clinton, Mississippi.  At some point, photographs of the Explorer were taken, but no attempts to preserve the vehicle were made.  There is a dispute regarding whether Plaintiff gave Ford notice regarding the location of the Explorer and whether Plaintiff gave Clinton Body Shop permission to destroy the Explore and sell the scrap to cover the towing expenses.  It is undisputed that the Explorer was destroyed by Clinton Body Shop before it could be inspected.

On November 22, 2004, Plaintiff filed a Complaint against Ford, Capitol Ford, and Classic Ford in the Circuit Court for the First Judicial District of Hinds County, Mississippi.  An Amended Complaint was filed on March 17, 2005, alleging claims of defective design and negligent repair/installation against the same defendants.  The case was initially removed to federal court on April 13, 2005, on the basis of misjoinder/diversity of citizenship jurisdiction, and was docketed as Civil Action No. 3:05-cv-242-WHB-AGN.  As Plaintiff and both Capitol Ford and Classic Ford were citizens of North Carolina, the case was remanded to state court on August 12, 2005.  On February 27, 2006, after the state court dismissed the Dealerships for lack of personal jurisdiction, Ford again removed the case to this Court on the basis of diversity of citizenship jurisdiction.  For the purpose of diversity analysis, Plaintiff is a citizen of the State of North Carolina, Ford is a corporate citizen of state other than North Carolina, and Plaintiff's Amended Complaint seeks damages in the amount of $5,000,000.  Accordingly, the Court finds that it may properly exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.  The Motion of Ford for Summary Judgment in now before the Court.

## II. Discussion

### A. Motion of Ford for Summary Judgment

### 1. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The movant need not, however, support the motion with materials that negate the op-

ponent's claim. Id. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. Id. at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

## 2. Legal Analysis

Ford first moves for summary judgment on the basis that Plaintiff's expert designation, which was included in an interrogatory response, fails to comply with the dictates of Rule 26 of the Federal Rules of Civil Procedure ("FRCP"). Ford further contends that without expert testimony, Plaintiff will not be able

to prove her case at trial and, therefore, summary judgment in its favor is appropriate.

Pursuant to FRCP 26(a)(2)(A), in addition to core disclosures: "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence."

> This disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.  The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

FED. R. CIV. P. 26(a)(2)(B).  To determine whether to exclude an expert who is not properly designated under the FRCP, the Court considers four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 883 (5th Cir. 2004) (citing Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir. 1990)).

As regards the first factor, Plaintiff has not offered any explanation as to the reason she failed to timely designate her experts Elvin Aycock ("Aycock") and John D. Bethea ("Bethea"), in the manner prescribed by the FRCP.  Instead, Plaintiff argues that as she has provided the requisite information, her experts should not be excluded on a mere technicality.  In support of this argument Plaintiff cites to her interrogatory responses that provide, in detail, the substance of her experts' opinions.  In her Response to the subject Motion for Summary Judgement, Plaintiff has also provided Bethea's signed Affidavit, which sets forth his opinions regarding liability, the bases for his opinions, the information and documents he considered when formulating his opinions, and his qualifications for serving as an expert.  See Resp. to Mot. for Summ. J., Ex. D (Bethea Aff.) and supporting exhibits.  Plaintiff contends that this supplement was produced after Ford provided responses to her discovery requests.  Plaintiff has not provided any supplemental or addition information regarding Aycock.  The Court finds that neither the interrogatory response nor the supplemental Bethea Affidavit fully complies with the FRCP.  Although the Bethea Affidavit provides most of the information required under FRCP 26(a)(2)(B), it does not provide any information regarding the amount of compensation Bethea is to receive in exchange for his testimony or a listing of the other cases in which he has testified in the preceding four years.  Thus,

even if the Court were to accept Plaintiff's "substance over form" argument, which it does not as parties are required to abide by the Orders and Rules of this Court, Plaintiff's disclosures are still inadequate as no information was provided regarding Bethea's fees or prior appearances. Plaintiff has not provided any information required under Rule 26(a)(2)(B) in regard to Aycock. Accordingly, the Court finds that the first factor weighs in favor of excluding these experts' testimony at trial.

As regards the second factor, expert testimony is critically important to prove a products liability claim. See e.g. Childs v. General Motors Corp., 73 F. Supp. 2d 669, 671 (N.D. Miss. 1999) (dismissing products liability claim based on lack of expert testimony); Hammond v. Coleman Co., Inc., 61 F. Supp. 2d 533, 542 (S.D. Miss. 1999) (dismissing products liability claim on a finding that without expert testimony on "the strict liability claim asserted by the Plaintiff, he has failed to offer proof on a matter which he bears the burden of proof at trial."). Expert testimony, however, is not required under Mississippi law to establish a claim of negligent repair. See Wal-Mart Stores, Inc. v. Johnson, 807 So. 2d 382, 388 (Miss. Ct. App. 2002) (finding that expert testimony was not required to prove a claim of negligent automobile repair).

As regards the third factor, although Plaintiff did not timely or properly designate her experts, the Court finds that Ford has not been prejudiced as regards Bethea because Plaintiff provided

his detailed opinions regarding causation and Ford was apprised of Bethea's opinions, and the bases for those opinions, for at least eight months before the scheduled trial of this case.  Ford, however, has been prejudiced as regards Aycock because it has not received any information regarding his qualifications to serve as an expert, the bases for his opinions, or the materials he used when reaching his opinions.

Finally, as regards the fourth factor, the Court finds that a continuance is not required as there is sufficient time for Plaintiff to supplement her expert disclosure as to Bethea to cure the existing deficiencies, specifically the compensation to be paid for Bethea's testimony and a listing of any other cases in which Bethea has testified as an expert at trial or by deposition within the preceding four years, and Ford can question Bethea on these issues during cross examination.

Accordingly, the Court finds that the testimony of Plaintiff's expert Aycock should be excluded at trial, but that Bethea should be permitted to testify provided that Plaintiff cures the existing deficiencies in his expert designation within the time period prescribed in this Opinion and Order.  The Court additionally finds that the Motion of Ford for Summary Judgment on this grounds should be denied.

Next, Ford moves for summary judgment on the basis that it cannot be held liable for the allegedly negligent recall-related

repairs to the hood latch striker and/or striker assembly because that work was performed by the Dealerships. In response, Plaintiff argues that Ford can be held liable for the actions of the Dealerships based on the existence of an agency relationship. Under Mississippi law, "a principal is bound by the actions of its agent within the scope of that agent's real or apparent authority." Miller v. Shell Oil Co., 783 So. 2d 724, 727 (Miss. Ct. App. 2001)(citing Ciba-Geigy Corp. v. Murphree, 653 So. 2d 857, 872 (Miss. 1994)). The "determination of apparent authority in an agency relationship is a factual issue to be decided by the trier of fact." Id., at 727 (quoting Ciba-Geigy Corp., 653 So. 2d at 872). This determination is guided by the following tests, none of which is more important than the others:

> Whether the principal master has the power to terminate the contract at will; whether he has the power to fix the price in payment for the work, or vitally controls the manner and time of payment; whether he furnishes the means and appliances for the work; whether he has control of the premises; whether he furnishes the materials upon which the work is done and receives the output thereof, the contractor dealing with no other person in respect to the output; whether he has the right to prescribe and furnish the details of the kind and character of work to be done; whether he has the right to supervise and inspect the working during the course of the employment; whether he has the right to direct the details of the manner in which the work is to be done; whether he has the right to employ and discharge the subemployees and to fix their compensation; and whether he is obliged to pay the wages of said employees.

Id. (quoting Kisner v. Jackson, 132 So. 90, 91 (Miss. 1931)).

11

Ford has not presented any evidence on the issue of whether an agency relationship existed but, instead, merely argues that the Dealerships "are not agents of Ford but are separate, independent entities." See Mem. in Supp. of Mot. for Summ. J., at 8. Plaintiff, however, has presented evidence that (1) pursuant to the recall Notice she received, she returned the Explorer to a Ford dealership for the necessary repairs, (2) Ford authorized its dealerships to perform the recall-related repairs to the hood latch striker and/or striker assembly, (3) Ford supplied the parts and service instructions necessary to effectuate the recall-related repairs, and (4) Ford dictated the amount dealerships were to be compensated for performing the recall-related repairs. Based on this evidence, the Court finds that Plaintiff has shown that there is at least a genuine issue of material fact with regard to whether the Dealerships were agents of Ford. See e.g. Kossuth Trucking, Inc. v. Caterpillar, Inc., 941 So. 2d 903 (Miss. Ct. App. 2006) (finding, in a case arising from allegedly defective repairs, that an agency relationship was not shown as there was no evidence that Caterpillar affected the price for repairs that were performed, required the dealership to use Caterpillar parts when servicing the subject motor vehicle, and directed or had the right to require that repairs be made in a particular manner). Accordingly, the Court finds that Ford is not entitled to summary judgment on this issue.

Finally, Ford moves for summary judgment on the basis that as the Explorer was destroyed, Plaintiff cannot prove that either the hood latch striker and/or striker assembly was defective and/or negligently replaced. The Court disagrees. Under Mississippi law, the fact that an allegedly defective product "is unavailable does not in and of itself end any issue of fact because certainly the Plaintiff may prove his case by circumstantial evidence." Powe v. Wagner Electric Sales Corp., 589 F. Supp. 657, 659 (S.D. Miss. 1984). See also Daniels v. GNB, Inc., 629 So. 2d 595, 603 (Miss. 1993) (finding: "[T]his Court has made clear that presentation of the product is not essential to meet the burden of proof that the product was defective.") (citing Coca Cola Bottling Co. of Vicksburg v. Reeves, 486 So. 2d 374, 381 (Miss. 1986) for the proposition that "presenting of the product in question would have been the most desirable, but not mandatory since the defective condition was susceptible to proof by the testimony of eyewitnesses.")).

Additionally, although Plaintiff alleged a products liability/design defect claim as to the hood latch in her Amended Complaint, she has abandoned this claim and is proceeding only on the theory of negligent repair. See Mot. for Summ. J, Ex. H

(Interrogatory Responses), No. 23.[2]  On the issue of negligent repair, at least one Mississippi appellate court has upheld a jury's verdict on a claim of negligent automobile repair based only on the testimony of the plaintiffs.  See Johnson, 807 So. 2d at 388 (affirming denial of directed verdict on a negligent automobile repair claim on the basis of the plaintiffs' testimony that they experienced noticeable problems with their automobile after it was serviced that were not present before the defendant serviced the automobile).  Accordingly, even though Plaintiff's testimony that the hood of the Explorer "flew up" is not supported by any other witness, including her passenger or her own expert, or the available physical evidence, under Johnson, the Court must find that her testimony alone is sufficient to create a genuine issue of material fact on her negligent repair claim.

B.   **Motion for Protective Order**

Plaintiff has moved for a protective order to bar the deposition of her expert witness.  As the deposition of her expert was taken on August 13, 2007, the Court finds that Plaintiff's Motion for Protective Order is moot.

---

[2]  In the interrogatories propounded by Ford, Plaintiff was asked to "[d]escribe in detail each defect you allege in the subject [Explorer] and how you contend that such defect caused or contributed to the accident in question."  Plaintiff responded: "The new hood latch striker and/or hood latching system was improperly installed and was taken back to Ford several times to be corrected."

14

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Ford for Summary Judgment [Docket No. 15] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Plaintiff for Protective Order [Docket No. 26] is hereby denied as moot.

IT IS FURTHER ORDERED that Plaintiff shall disclose the compensation to be paid to her expert witness John D. Bethea, and a listing of any other cases in which he has testified as an expert at trial or by deposition within the preceding four years on or before September 14, 2007, if she intends to call this expert as a witness at trial.

SO ORDERED this the 4th day of September, 2007.

```
                                        s/ William H. Barbour, Jr.
                                        UNITED STATES DISTRICT JUDGE
```